# SETTLEMENT AGREEMENT & MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into as of December 14, 2022 (the "Effective Date"), by and between **Juan Carlos Ramos, Plaintiff** ("Employee"); and **Laredo Sportswear LLC and Miguel Angel Sanchez Jr.** (cumulatively "Defendants" or "Employer"). Employer and Employee are collectively referred to as the "Parties."

## RECITALS

A. This action arises from Employee's employment with Employer. Plaintiff is alleging FLSA and/or other wage violations. The Plaintiff has agreed to settle this dispute.

B. On July 25, 2022, Employee filed a Complaint against Defendants, Case No. 5:22-cv-00070, pending in the Southern District of Texas

A. The Parties have reached a mutually acceptable agreement in the interest of judicial economy to dismiss and resolve all claims raised in the Complaint arising under, relating to, or concerning overtime wages in exchange for the total payment of **nine thousand dollars ($9,000)** from Employer to Employee, to be paid according to the following schedule and, the contemporaneous dismissal of the Complaint. This Agreement is a compromise and settlement of disputed claims and is being entered into solely to avoid time, expense, uncertainty, inconvenience of continued dispute, discussion and litigation. Neither the execution of this Agreement nor anything stated herein, nor any amount paid hereunder, is to be construed or deemed as an admission of liability, culpability, or wrongdoing on the part of any Party to this Agreement.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration and mutual promises as described fully in this Agreement, the sufficiency of which is hereby acknowledged by the Parties, the Parties agree:

1. <u>Recitals.</u> The foregoing Recitals are incorporated into, and shall constitute an integral part, of this Agreement. This Agreement shall be interpreted in light of those Recitals.

2. <u>Employer's Obligations</u>. Employer shall pay to Employee the total sum of **nine thousand dollars ($9,000.00)** ("the Settlement Payment"), payable in two separate installments. The first installment shall be paid within 14 days of Employee's execution of this agreement, or not later than January 2, 2023. The second installment shall be payable not later than January 16, 2023. Within 5 days of receipt of the Second Settlement Payment, Employee shall execute and cause to be filed a joint stipulation of dismissal with prejudice (a stipulated dismissal pursuant to F.R.C.P. 41), thus dismissing his Complaint with prejudice. The Parties consent and agree that the Dismissal Order shall not act as a bar to enforcement of any settlement agreement between the parties in any court of competent jurisdiction. The Settlement Payment shall be made in two installments as follows:

A) Two checks each in the amount of $2,387.00 made payable to "**Juan Carlos Ramos**. The first check shall be paid on or before January 2, 2023 and the second shall be paid on or before January 16, 2023.and

1

B) Two checks in the amount of $2,113.00 made payable to "**Justicia Laboral LLC**" on account of attorney's fees and costs. The first check shall be paid on or before January 2, 2023 and the second check shall be paid on or before January 16, 2023.

Both checks shall be delivered to Justicia Laboral LLC c/ James M. Dore, 6232 N. Pulaski Avenue, Chicago, IL. 60646

3. <u>Employee's Obligations.</u> Before or simultaneous with Employer's satisfaction of the requirements of Paragraph 2 (above), Employee shall dismiss the Complaint against Employer with prejudice upon receipt of payment. Plaintiff shall be responsible for the payment of any federal or state taxes to the monies received as a result of this Settlement Agreement. Plaintiff agrees to indemnify and hold harmless Defendants, their officers, employees, representatives, agents or attorneys, in their official or individual capacities of and from any claim, demand, liability, cause of action or losses incurred by Plaintiff, his heirs, executors, administrators, successors and assigns growing out of any issue pertaining to federal or state tax issues resulting from payment under this Agreement.

4. <u>Employee's Release.</u> **In consideration of the foregoing, Employee hereby, and for his heirs, executors, administrators, successors, and assigns, totally and completely, fully and finally, RELEASE, ACQUIT, and FOREVER DISCHARGE the Defendants, and its its past, present and future employees, officers, directors, agents, representatives, attorneys, successors and assigns, of and from any and all claims, causes of action, demands, rights, damages, costs, expenses and attorneys' fees and compensation whatsoever, known or unknown, in law or in equity arising under, which Plaintiff had, has, or which hereafter accrue on account of or in any way growing out of Plaintiff's lawsuit and employment relationship with Defendants and/or any action or omission of Defendants. Plaintiff acknowledges that he has been paid all wages owed and no other wages are owed, except as specified in this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendants, its officers, employees, representatives, agents or attorneys, of and from any claim, demand, liability, cause of action or losses incurred by Plaintiff, his heirs, executors, administrators, successors and assigns growing out of this Agreement or this lawsuit. Plaintiff intends to release any claims made by Plaintiff for personal embarrassment, mental and physical strain and injury, and for damages to their rights, which Plaintiff may have under any federal or state constitutions, laws, rules, regulations, or public policy. Such constitutions, laws, rules or regulations include but are not limited to the United States Constitution, the Constitution of the State of Texas, the Fair Labor Standards Act, and any further or other federal or state discrimination laws, employment laws, including benefit laws, or workers compensation, as now or hereafter enacted.**

5. Plaintiff waives any rights to wages, fines, penalties, damages, or other legal or equitable relief awarded against Defendants by any governmental agency or court relating to any lawsuit, complaint, charge or other proceeding (regardless by whom filed), that is pending or that is filed in the future and which is based on events occurring on or before the date this Agreement is executed. Notwithstanding the foregoing or any other statements in this agreement, Plaintiff agrees that he is not giving up any rights under the federal or state law to file a charge of employment discrimination with the Equal Employment Opportunity ("EEOC") or state agency concerned with employment discrimination or to participate in or cooperate with the EEOC or state agency in any proceeding relating to a charge of employment discrimination. Nonetheless, Plaintiff acknowledges that he has release his rights, if any to obtain any personal recovery or benefit from the exercise of such rights by way of this Agreement.

6. <u>Employer's Release.</u> In consideration of the foregoing, Employer hereby releases and forever discharges Employee, its past, present and future officers, directors, partners, members,

2

shareholders, employees, agents, representatives, attorneys, all associated, affiliated, successor, parent and subsidiary companies, related companies, predecessors, successors and assigns, of and from any and all claims, causes of action, demands, expenses and attorneys' fees whatsoever in law or in equity arising under, pursuant to or relating to the Complaint to the extent that such claims were known or should have been known to Employer as of the date of Employee's execution of this Agreement.

7. <u>Employee's Representations</u>. Employee represents and warrants that it is not aware of any claims against Employer arising under, pursuant to or relating to the employment agreement that Employee did not raise in the Complaint as of the date of Employee's execution of this Agreement.

8. <u>Employer's Representations</u>. Employer represents and warrants that it is not aware of any claims against Employee arising under, pursuant to or relating to the that Employee did not raise in the Complaint as of the date of Employer's execution of this Agreement.

9. <u>Joint and Several Liability</u>. Parties agree that they are jointly and severally liable for the performance of all obligations under this Agreement.

10. <u>No Third-Party Beneficiaries.</u> There are no intended third-party beneficiaries of this Agreement. The Parties represent and warrant that they own the claims released herein and have not assigned or otherwise transferred any claim or cause of action that they may have possessed against another Party to any person or entity not a Party to this Agreement.

11. <u>Choice of Law.</u> This Agreement shall be governed by, interpreted, construed, and enforced in accordance with the laws of the State of Texas, in effect as of the Effective Date of this Agreement. Any disputes arising under this Agreement shall be heard in Webb County, Texas.

12. <u>No Admission of Liability.</u> This Agreement is not an admission of liability or wrongdoing or of the validity of any claim, denial, or defense asserted by any Party and shall not be construed as such, and may not be admitted as evidence of such in any forum. No statement in this Agreement shall be construed as an admission of either of the Parties for any purpose.

13. <u>Non-disparagement.</u> The Parties agree not to disparage each other, their officers, employees, representatives, agents or attorneys. The Parties also agree not to discuss the facts and circumstances of this Agreement or make disparaging remarks about the other on social media, including but not limited to Facebook, Twitter, Instagram, SnapChat, Google, LinkedIn, and TikTok.

14. <u>Non-Assignment.</u> Each Party warrants and represents that it has not assigned or otherwise transferred, and will not hereafter assign or otherwise transfer, to any person or entity, other than the Parties, any interest in any claim which is covered by the above Mutual Release and that they are the sole and absolute legal and equitable owners of all claims released in this Agreement.

15. <u>Reliance.</u> In entering into this Agreement, each Party warrants and represents that it has relied on its own judgment and on the advice of its respective attorneys regarding the proper, complete, and agreed upon consideration and the language of this Agreement, and that no statements or representations made by any other persons or any of their agents, employees, or counsel has influenced or induced that Party to execute this Agreement.

16. <u>Authority.</u> Each Party represents and warrants that the person signing this Agreement has the authority to execute this Agreement.

17. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Disputes.

18. <u>Modification.</u> Any amendment to this Agreement must be in writing and signed by all Parties.

19. <u>Additional Documents</u>. All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

20. <u>Successors-in-Interest.</u> The Parties represent that this Agreement shall be binding upon and inure to their respective successors and assigns.

21. <u>Enforcement.</u> If litigation arises to declare rights under, or to enforce, any portion of this Agreement, Employee shall recover its costs of litigation, including any appeals, from the Defendant, which shall include reasonable attorneys' fees, expenses, and costs.

22. <u>Severability.</u> The invalidity of any covenant, restriction, condition, limitation or any other part or provision of this Agreement shall not impair or affect in any manner the validity, enforceability, or effect of the remainder of the provisions.

23. <u>Signature.</u> This Agreement may be signed by the Parties in counterpart and shall be as binding as if signed together. Electronic copies of the signed counterparts shall be deemed to be authentic and valid as an original of this Agreement.

IN WITNESS WHEREOF, Employee and Employer have caused this Settlement Agreement and Mutual Release to be executed effective as of the Effective Date.

By: _____    **Juan Carlos Ramos**
         DocuSigned by: [signature]
         FC18AA80F1CF4B5...

Print: _____12/28/2022_____

Date: _____

**Approved as to form:**

_____
James Dore
Counsel for Plaintiff

By: _____    **Miguel Angel Sanchez Jr.**, individually and on
         [signature]                               behalf of **Laredo Sportswear LLC**

Print: __Oliver Sanchez_____

Date: __12/28/2022_____

**Approved as to form:**

_____
Lisa Paul
Counsel for Defendants

5