UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JUAN CARLOS RAMOS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-70 |
| | § | |
| **LAREDO SPORTSWEAR, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are the parties' Joint Motion for Confidential Approval of Settlement of Agreement and Dismissal of All Claims with Prejudice, (Dkt. No. 19), and their sealed Settlement Agreement & Mutual Release, (Dkt. No. 21).

"Fee awards are mandatory for prevailing plaintiffs in FLSA cases." *Prater v. Com. Equities Mgmt. Co.*, No. CIV.A. H-072349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008). "This includes a party who benefits from a settlement that is 'judicially sanctioned.'" *Id.* "Courts must use the 'lodestar method' to 'assess attorneys' fees' in FLSA suits." *Id.*, at *3. The lodestar is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). "The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorneys' qualification and skill." *Prater*, 2008 WL 5140045, at *3.

The parties propose a total settlement amount of $9,000, of which $4,226 would be paid to Plaintiff's counsel "on account of attorney's fees and costs." (Dkt. No. 21 at 2). However, Plaintiff has not briefed the Court as to the number of hours reasonably expended by his counsel in this case, nor the reasonable hourly rate he was charged for such work. In short, Plaintiff has not met his initial burden of supplying the Court with adequate documentation of the reasonableness of the proposed award of attorney's fees.

Accordingly, Plaintiff is **ORDERED** to brief the Court by **April 5, 2023**, as to the reasonableness of the proposed award of $4,226 in attorney's fees to Plaintiff's counsel. If Plaintiff disputes that the lodestar method of assessing attorneys' fees should not be

applied by the Court, Plaintiff must provide legal authority in support of this proposition. Otherwise, the brief must be supported by adequate documentation of the hours reasonably expended by Plaintiffs' counsel in this case, the relative skill and qualifications of said counsel, and the reasonable hourly rate charged in the relevant legal community for comparable work.[1]

It is so **ORDERED.**

**SIGNED** on March 23, 2023.

_____
John A. Kazen
United States Magistrate Judge

---

[1] "[T]he 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'" *Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.*, No. MO:19-CV-173-DC, 2021 WL 799315, at *4 (W.D. Tex. Feb. 1, 2021) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).