IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS - LAREDO DIVISION

| | | |
|---|---|---|
| JUAN CARLOS RAMOS | ) | |
|               Plaintiff, | ) | |
| v. | ) | 5:22-cv-70 |
| | ) | |
| LAREDO SPORTSWEAR, LLC and | ) | |
| MIGUEL ANGEL SANCHEZ, JR. | ) | |
|               Defendants. | ) | |

**Brief in Support of the Parties' Joint Motion for Approval**

Plaintiff, JUAN CARLOS RAMOS ("Plaintiff"), by undersigned counsel, hereby provides further briefing in support of approval of the resolution of Plaintiff's Fair Labor Standards Act ("FLSA") claims:

1. On February 8, 2023, the Parties jointly moved for approval of the settlement in this FLSA matter. Dckt. 19. On March 23, 2023, the Court requested further briefing as to the reasonableness of attorney's fees and costs contained in the settlement. In accord with the Court Order, Plaintiff provides the following supplemental information.

2. Plaintiff sought $4,226.00, as attorneys fees and costs, of which $3,600.00 was attorneys' fees and $636.00 in costs. Dckt. 19.

3. Plaintiff entered into a 40% plus costs contingency fee agreement with Plaintiff's counsel. As a result, the attorneys fees on the matter were $3,600 and the reimbursable costs were $626.00.

4. Plaintiff's attorney's fees and costs on the matter, if calculated under the lodestar method would total $6,666.00. See attached Affidavit of Attorney's Fees, Time and Tasks; Ex. A is incorporated herein.

5. The FLSA provides that "any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee … affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29

U.S.C. § 216(b). "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

6. Defendants at all times have been represented by competent counsel who have disputed Plaintiff's claims in their entirety. There was a bona fide dispute between the Parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' good-faith effort to resolve this bona fide dispute in an amicable fashion through arm's length bargaining.

7. Plaintiff's Counsel's Affidavit is attached as Exhibit A. The attorney's fees and costs requested in the Settlement Agreement are fair and reasonable. Had Counsel been retained on a traditional lodestar hourly fee rate, Plaintiff's counsel's fair and reasonable attorneys fees and costs would have been $6,666.00. Here, Plaintiff's counsel seeks a total of $4,226.00.

8. The rate of $400 per hour is reasonable for Plaintiff's Counsel, who graduated from the Loyola University Chicago in 2008; who has been practicing continually since December 2008; and was admitted to the Texas State Bar in 2021.

9. Employees who are defrauded of wages typically cannot afford reasonable hourly rates, and many sole practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The plaintiff in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf. Due to

these circumstances, Plaintiff's Counsel represented plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

10.  The rate of $400 per hour, given his expertise and experience, is fair for Plaintiff's counsel. While some courts may require that a judge assess the reasonableness of the fee award, see *Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 336 (S.D.N.Y. 2012), others defer to the contract between the plaintiff and his or her counsel. *Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

"controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract."

*Mitchell,* 495 U.S. at 90.

11.  Although Plaintiff's Counsel is seeking 40%, this fee should be viewed as particularly acceptable in the case at bar in light of the time Plaintiff's Counsel dedicated to this matter; and the risks Plaintiff would face if this case went to trial. In view of the foregoing, Plaintiff respectfully requests jointly that the Court approve the Settlement Agreement.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the Motion for Approval, and for all other relief deemed just

/s/ James M. Dore

**Justicia Laboral LLC**
James M. Dore (TX Bar # 24128272)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS - LAREDO DIVISION**

| | |
|---|---|
| JUAN CARLOS RAMOS ) | |
| Plaintiff, ) | |
| v. ) | 5:22-cv-70 |
| ) | |
| LAREDO SPORTSWEAR, LLC and ) | |
| MIGUEL ANGEL SANCHEZ, JR. ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

On April 5, 2023, I, James M. Dore, an attorney, certify that I caused a true and correct copy of the Brief in Support of the Parties' Joint Motion for Approval to be served on:

**Defense Counsel, Lisa Paul**
Southern District of Texas Bar Number 900071
J. Cruz & Associates, LLC
216 W. Village Blvd., Suite 202
Laredo, Texas 78041
Tel: (956) 717-1300; Fax: (956) 717-0539
Email:  lpaul@jca-law.com

s/   James M. Dore

**Justicia Laboral LLC**
James M. Dore (Texas Bar No. 24128272)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com