Case 5:22-cv-00070   Document 24   Filed on 05/11/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN CARLOS RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-70 |
| | § | |
| LAREDO SPORTSWEAR, LLC AND | § | |
| MIGUEL ANGEL SANCHEZ, JR., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are the parties' Joint Motion for Confidential Approval of Settlement of Agreement and Dismissal of All Claims with Prejudice, (Dkt. No. 19), and their sealed Settlement Agreement & Mutual Release, (Dkt. No. 21). The parties have consented to have all matters heard and decided by the Undersigned Magistrate Judge, and the District Judge approved transfer of the case in its entirety to the Undersigned. (Dkt. No. 14). After consideration of the parties' briefing, the record, and applicable law, the Court will grant the parties' motion.

### I. Background

Plaintiff, Juan Carlos Ramos, filed a complaint against Defendants Laredo Sportswear LLC and Miguel Angel Sanchez Jr. on July 22, 2022. (Dkt. No. 1). Plaintiff alleged willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*Id.* at 1). Specifically, Plaintiff alleged that he was required by Defendants to work an average of 48 hours per week beginning sometime in 2015 and ending in January 2022. (*Id.* at 3). During this time, Plaintiff alleges that he was not paid one and a half times his regular rate of pay for the hours he worked in excess of 40 hours per week. (*Id.*). Plaintiff asserts that his hourly wage amounted to between $80 and $130 per day. (*Id.*). Plaintiff ultimately sought $8,045 in unpaid overtime wages, $8,045 in liquidated damages, and an award of reasonable attorney's fees and costs. (*Id.* at 4). In their answer, Defendants denied each of Plaintiff's contentions as to the number of hours worked and the compensation received for hours worked in excess of 40 hours per week, if any. (Dkt.

No. 7 at 2). Defendants also dispute Plaintiff's assertion regarding his rate of pay. (*Id.*).

## II. Approval of the Settlement Agreement

Under the FLSA, covered employees must be paid "at a rate not less than one and one-half times the regular rate at which [they are] employed" for a workweek over 40 hours. 29 U.S.C. § 207(a)(1). Any employer who violates this provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, FLSA claims may be compromised if the settlement is supervised by the Secretary of Labor or approved by a court. *Alden v. Black Gold Rental Tools, Inc.*, 2019 WL 6702693 at *1 (S.D. Tex. Nov. 21, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). And a court may approve a settlement "[if it reflects] a reasonable compromise over issues . . . that are actually in dispute." *Lynn's Food Stores,* 679 F.2d at 1354.

Ultimately, the Court must determine: "(1) whether a bona fide dispute exists between the parties; (2) whether the settlement agreement is a fair and reasonable resolution of the dispute; and (3) whether the requested attorney's fees are fair and reasonable." *Shaw v. CAS, Inc.*, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). "[S]ettlement is the preferred means of resolving litigation," and there is a strong presumption that a settlement is fair, particularly when, as here, the agreement results from an adversarial proceeding. *Barcena v. Estrella Provider Servs., LLC*, No. 5:18-CV-103, 2019 WL 13189477, at *2–3 (S.D. Tex. Dec. 9, 2019).

### A. Bona Fide Dispute

Defendants explicitly deny Plaintiff's allegations as to the number of hours worked and the compensation paid. (Dkt. No. 7 at 2). An actual dispute over "the amount of hours worked or compensation due" is all that is required to create a bona fide dispute. *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 163 (5th Cir. 2015); *Martin v. Spring Break '83 Productions*, 688 F.3d 247, 255 (5th Cir. 2012); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). Accordingly, the Court need search no further. There is, indeed, a bona fide dispute between the parties in this case.

### B. Fair and Reasonable Resolution

Courts determine whether a settlement is fair and reasonable in the FLSA context by considering: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and certainty of damages; and (6) the respective opinions of the participants. *Chano et al. v. City of Corpus Christi*, 2019 WL 4247767 at *2–3 (S.D. Tex. July 7, 2019) (citation omitted).

Here, there is no evidence of fraud or collusion, and courts "may presume that no fraud or collusion occurred . . . in the absence of any evidence to the contrary." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 725 (E.D. La. 2008). Moreover, the parties have had adequate time to engage in discovery. (*See* Dkt. No. 13). "Sufficient discovery . . . ensure[s] the Court that counsel have enough information to evaluate the respective strengths and weaknesses of their case." *Chano*, 2019 WL 4247767 at *4. The Court is also cognizant that Defendants operate "a small business without a sophisticated time-keeping system[,]" such that the factual dispute over hours worked would turn entirely on the perceived credibility of "oral testimony." (Dkt. No. 19 at 3). By settling his claims, Plaintiff would be guaranteed $9,000 less attorney's fees and costs. (Dkt. No. 21 at 1–2). In light of the uncertainty of litigation, this is a fair and reasonable result. And finally, Plaintiff, Defendants, and counsel for both are all decidedly in favor of the settlement. Accordingly, the Court finds that the substance of the parties' settlement agreement is fair and reasonable.

### C. Attorney's Fees

Finally, the Court must determine whether the award of attorney's fees to Plaintiff's counsel as part of the settlement agreement is reasonable. *See Shaw*, 2018 WL 3621050, at *1. The settlement agreement awards a total of $9,000 to Plaintiff— $4,226 of which is to be paid to Plaintiff's counsel. (Dkt. No. 21 at 2). Plaintiff's counsel notes that he agreed to represent Plaintiff pursuant to "a 40% plus costs contingency fee agreement." (Dkt. No. 23 at 1). Under the terms of that agreement, Plaintiff's counsel would be entitled to attorney's fees in the amount of $3,600. Additionally, Plaintiff's counsel avers that he incurred costs of $402 to file Plaintiff's Complaint,

(Dkt. No. 1), and another $224 to hire a process server. (Dkt. Nos. 23 at 1 & 23-1 at 2–3). Thus, based on the contingency fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to a total fee award of $4,226—to be paid out of the $9,000 awarded to Plaintiff pursuant to the settlement agreement. For the reasons that follow, the Court finds that this is a reasonable award of attorney's fees.

"District courts in the Fifth Circuit often use a percentage method, accompanied with an analysis of the *Johnson* factors, to determine the reasonableness of attorneys' fees." *Ellis v. Baptist Mem'l Health Care Corp.*, No. 3:18-CV-73-SA-JMV, 2021 WL 1206408, at *3 (N.D. Miss. Mar. 30, 2021) (citing *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012)). Many district courts in the Fifth Circuit have approved attorney's fees amounting to 40% or more of the settlement amount in FLSA cases. *See, e.g.*, *Singer v. Wells Fargo Bank, N.A.*, No. 5:19-CV-00679, 2020 WL 10056302 at *2 (W.D. Tex. July 14, 2020); *Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2092, 2018 WL 6046327 at *4 (S.D. Tex. Nov. 11, 2018) (collecting cases). Accordingly, the Court considers the agreed-upon contingency fee of 40% a reasonable benchmark.

The Court must next determine "whether a deviation from the benchmark percentage is appropriate" in light of the twelve *Johnson* factors. *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282 RP, 2016 WL 815355, at *4 (W.D. Tex. Feb. 29, 2016). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required; (4) the opportunity cost to counsel; (5) the customary fee in similar cases; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of counsel's professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "The Court need not consider each factor in making its determination." *Shaw*, 2018 WL 3621050, at *4; *see also Dyson*, 2016 WL 815355, at *5 ("[N]ot every factor need necessarily be considered.").

Here, Plaintiff's counsel spent just over 15 hours on this case. (Dkt. No. 23-1 at 2). Hence, it is unlikely that this action crowded out his ability to take on new clients or

devote himself to his other cases. Moreover, the issues in this case are neither difficult nor novel. The dispute centers around the number of hours Plaintiff worked and the compensation he received. (Dkt. No. 7 at 2). And there is nothing particularly undesirable about this case. But on the other hand, counsel took a risk in agreeing to represent Plaintiff for a contingent fee. Counsel would receive nothing were he unable to secure a favorable outcome for Plaintiff. And the Court has no reason to doubt that a net award of $4,774 is a good outcome for Plaintiff. Indeed, Plaintiff's counsel has been practicing law for over a decade, with a focus on labor and wage claims for the last five years. (Dkt. No. 23-1 at 1). Moreover, the parties jointly represent that this is a good outcome in light of the evidence produced during discovery. (Dkt. No. 19 at 3). The Court further notes that a contingency fee of 40% of the gross settlement fund is not unusual in FLSA cases. *See Sarabia*, 2018 WL 6044327, at *4 (collecting cases). And finally, the Court notes that the contingency fee of 40% plus costs in this case is ostensibly less than what Plaintiff's counsel would have charged for 15 hours at his standard hourly rate of $400: *viz.*, $6,000. (*See* Dkt. No. 23-1 at 1–2). Thus, based on the foregoing, the Court concludes that the *Johnson* factors do not countenance any adjustment to the 40% benchmark.

### III. In Camera Submission of the Settlement Agreement

When the parties filed their Joint Motion for Confidential Approval of Settlement Agreement and Dismissal of All Claims With Prejudice, (Dkt. No. 19), they represented that they had filed with their motion a copy of the settlement agreement "for in-camera review." (*Id.* at 4). However, no settlement agreement was attached to the parties' joint motion. The Court therefore ordered the parties to file a copy of the settlement agreement, allowing them to file it under seal in recognition of their initial expressed intent for the agreement to be filed under seal for the Court's consideration. (Dkt. No. 20). The Court now considers whether the settlement agreement may remain under seal.

A review of the settlement agreement, (Dkt. No. 21), reveals that it does not contain any term or condition providing for the confidentiality of the settlement agreement. (*Id.*). Furthermore, once a settlement agreement has been submitted to a court for approval, it becomes a part of the judicial record. *Prater v. Commerce Equities Management Co.*, No. H–07–2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008).

Therefore, as it "is presumptively publicly available . . . the parties must demonstrate good cause to deny public access to the agreement." *Self v. Quinn's Rental Servs.*, No. H-15-1569, 2017 U.S. Dist. LEXIS 25943, at *3 (S.D. Tex. Feb. 24, 2017) (citations omitted). The Fifth Circuit has recently warned that "courts should be ungenerous with their discretion to seal judicial records," urging a stricter balancing test under a "good cause" analysis to apply "once a document is filed on the public record." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 (5th Cir. 2021).

Particularly in the FLSA context, "there is a strong presumption in favor of keeping the settlement agreements . . . unsealed" and that "the public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Prater*, 2008 WL 5140045, at *9 (citing cases where courts denied the sealing of FLSA settlements); *but see Apollo Strong v. Marathon Resource Management Group, LLC*, No. 1:18-CV-634-RP, 2020 WL 12597672, at *2 n. 1 (W.D. Tex. Feb. 26, 2020) (noting that the Fifth Circuit has not decided whether *in camera* review of FLSA settlements in particular is permissible, and that many district courts within the circuit do in fact review these agreements *in camera*).

Nothing in the settlement agreement provides a basis to overturn the strong presumption of public access to the settlement agreement, in light of the Fifth Circuit's recent pronouncements in the FLSA context. *See Stephens v. Take Paws Rescue*, No. 21-1603, 2022 WL 1027116, at *2 (E.D. La. Apr. 6, 2022) (denying motion to seal FLSA settlement agreement) (citing *Binh Hoa Le*, 990 F.3d 410). Indeed, especially considering that the terms of the settlement agreement do not provide for its confidentiality, no good cause exists to thwart public access to the judicial record in this case. Accordingly, the settlement agreement, (Dkt. No. 21), will be unsealed.

**IV. Conclusion**

For the reasons set forth above, the Court **APPROVES** the parties' Settlement Agreement & Mutual Release, (Dkt. No. 21), as a fair and reasonable compromise of a bona fide dispute under the FLSA. The parties' Joint Motion for Confidential Approval of Settlement of Agreement and Dismissal of All Claims with Prejudice, (Dkt. No. 19), is **GRANTED**. This case is **DISMISSED with prejudice** in accordance with the terms of the parties' settlement agreement.

It is further **ORDERED** that the Settlement Agreement & Mutual Release, (Dkt. No. 21), be unsealed.

It is so **ORDERED.**

**SIGNED** on May 11, 2023.

_____
John A. Kazen
United States Magistrate Judge